**Charles C. SMITH, Appellant,**

v.

**Edward TAYLOR et al., Appellees.**

**No. 23981.**

United States Court of Appeals
Fifth Circuit.
April 4, 1967.

James F. Snelling, St. Petersburg, Fla., for appellant.

L. Robert Frank, Allen, Dell, Frank & Trinkle, Tampa, Fla., for appellees.

Before PHILLIPS,* COLEMAN and SIMPSON, Circuit Judges.

PHILLIPS, Circuit Judge:

Smith brought this action against Edward Taylor and C. E. Prevatt, partners, doing business as C. E. Prevatt Memorial Homes, hereinafter called Memorial, under the Fair Labor Standards Act of 1938, as amended,[1] (29 U.S.C.A. § 201 et seq.).

Smith was employed by Memorial during a portion of the year 1964. He sought to recover the amounts that the wages paid him were less than the minimum wages fixed by the Act, overtime compensation, and liquidated damages.

Memorial set up as a defense that it was exempt, under § 13(a) (2) of the Act, as amended by the Act of May 5,

---

* Of the Tenth Circuit, sitting by designation.

1. Hereinafter called the Act.

1961 (29 U.S.C.A. 213). The pertinent portion of the provisions thereof, relied on by Memorial, read as follows:

"Sec. 13. (a) The provisions of sections 6 and 7 shall not apply with respect to—

\* \* \* \* \* \*

"(2) any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located, if such establishment—

"(i) is not in an enterprise described in section 3(s), or

\* \* \* \* \* \*

"(iv) is in such an enterprise and has an annual dollar volume of sales (exclusive of excise taxes at the retail level which are separately stated) which is less than $250,000.

A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods of services (or of both) is not for resale and is recognized as retail sales or services in the particular industry; or

\* \* \* "

Smith also relies on a portion of § 13 (a) (4), reading as follows:

"(4) any employee employed by an establishment which qualifies as an exempt retail establishment under clause (2) of this subsection and is recognized as a retail establishment in the particular industry notwithstanding that such establishment makes or processes at the retail establishment the goods that it sells: *Provided*, That more than 85 per centum of such establishment's annual dollar volume of sales of goods so made or processed is made within the State in which the establishment is located; \* \* \* "

Memorial filed a motion for summary judgment, supported by three affidavits. An affidavit of C. E. Prevatt averred: That he was a partner in Memorial at all times material in the instant case; that he was familiar with its operations and its books and records for the year 1964 and during prior and subsequent years; that during the times herein involved, it was engaged solely in the funeral home business and operated one chapel in St. Petersburg, Florida; that its business consisted of handling, embalming and preparing human bodies for burial, furnishing caskets and other items used for burial purposes, arranging and handling funerals, transporting bodies to its establishment, transporting bodies to cemeteries for burial and to carriers for shipment, and other services incidental to and related to the funeral business; that it provided ambulance service, but made no charge therefor; that Smith was employed by Memorial at such funeral home from March 10, 1964, to August 24, 1964, during which time he performed various duties assigned to him in conncetion with the sales and services rendered by Memorial to the general public, as stated above; that during the year 1964 the total gross revenue of Memorial was $152,275, being income from sales and services rendered to the general public in the funeral business conducted by it; that no sales were made and no services were rendered by it to anyone for resale; that of its total gross revenue for the year 1964, $66,271 was derived from sales or services with respect to bodies to be sent to out-of-state destinations, and that the remainder of such gross revenue was for sales and services rendered locally and in the State of Florida, and that during 1964 it did not operate, own, control, or engage in any other business or establishment.

Affidavits by Robert J. Todd and Lester D. Hayes each averred in substance that he was formerly employed in the Wage, Hour and Public Contracts Division of the United States Department of Labor as an investigator and made investigations of all types of business opera-

tions, including the examination of books and records, for the purpose of determining whether there had been compliance with the Fair Labor Standards Act of 1938; that after his retirement from such employment he made an investigation of the books, records and operations of Memorial, and that such investigation and analysis of the books and records revealed that during the year 1964 Memorial had total sales of $152,275, of which $66,271, or 43.5 per cent, was for sales or services with respect to bodies destined to be shipped out of state, and the remainder for sales and services within the State of Florida and entirely local in character, and that all of such sales and services were to the general public and not to any person for resale, and that all of such sales and services of Memorial in 1964 were recognized as retail in the funeral home industry and were so regarded by the United States Department of Labor and are now so recognized and regarded.

Smith did not file counter affidavits or otherwise challenge the affidavits filed by Memorial. Accordingly, we conclude that there was no genuine issue of fact, and that the case was ripe for summary disposition.

Section 6 of the Act prescribes minimum wages and § 7 of the Act fixes maximum hours for all employees coming within the provisions of the Act.

Section 3(s) of the Act, as amended by the Act of May 25, 1961 (29 U.S.C.A. § 203), enlarged the meaning of the term "enterprise." The provisions thereof, here pertinent, read as follows:

"Sec. 3. As used in this Act—

\* \* \* \* \* \*

"(s) 'Enterprise engaged in commerce or in the production of goods for commerce' means any of the following in the activities of which employees are so engaged, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person:

"(1) any such enterprise which has one or more retail or service establishments if the annual gross volume of sales of such enterprise is not less than $1,000,000, exclusive of excise taxes at the retail level which are separately stated and if such enterprise purchases or receives goods for resale that move or have moved across State lines (not in deliveries from the reselling establishment) which amount in total annual volume to $250,000 or more;

\* \* \* \* \* \*

"(3) any establishment of any such enterprise, except establishments and enterprises referred to in other paragraphs of this subsection, which has employees engaged in commerce or in the production of goods for commerce if the annual gross volume of sales of such enterprise is not less than $1,000,000;

\* \* \* \* \* \*"

It is clear that the establishment maintained by Memorial in 1964 does not fall within the definition of an enterprise, as defined in § 3(s).

It is further perfectly obvious that the business carried on by Memorial in 1964 constituted a retail sale and service establishment, because considerably more than 50 per cent of its sales of goods and services were made within the State of Florida, its annual volume of sales was less than $250,000, none of its sales of goods or services were for resale, and its sales and services in 1964 were recognized as retail in the funeral home industry and were so recognized by the United States Department of Labor and are now so recognized and regarded.

Section 13(a) (4) has no application to Memorial, because in 1964 it neither made nor processed at its establishment the goods that it sold.

Accordingly, the judgment is affirmed.